UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY HARVEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV 16-8551 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying her application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI"). Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkts. 11, 12.) Pursuant to the Case Management Order issued on November 23, 2016, on February 6, 2018, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities. (Dkts. 9, 20, 22, 24, 26, 28, 29.)

//

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

The Court has reviewed the administrative record (the "A.R.") and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

## I. PRIOR PROCEEDINGS

Plaintiff Vicki Harvey filed applications for disability insurance benefits and supplemental security income on April 22, 2013, alleging disability beginning June 12, 2012. (A.R. 10.) Her applications were denied initially and upon reconsideration. *Id.* Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* On May 19, 2015, ALJ Roger E. Winkelman held a hearing. (A.R. 28-68.) Ms. Harvey was present with counsel at the hearing and testified. *Id.* On June 19, 2015, the ALJ issued an unfavorable decision denying plaintiff benefits. (A.R. 10-19.) The ALJ concluded that the plaintiff is not disabled, reasoning that Ms. Harvey could perform past relevant work. *Id.* In reaching this determination, the ALJ rejected the claimant's own pain testimony. *Id.* On September 13, 2016, the Appeals Council denied review. (A.R. 1-6.) Thereafter, on November 16, 2016, plaintiff initiated this action. (Dkt. 1.)

## II. CONTENTIONS

Plaintiff raises one contention in this action:

1. Whether the ALJ properly considered the testimony of Ms. Harvey.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

//

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

## IV. DISCUSSION

ALJs engage in a two-step analysis to determine whether a claimant's subjective complaints about the severity of his symptoms are credible. First, the ALJ must determine whether the claimant has produced evidence of an impairment that is reasonably likely to cause the alleged symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 349 (9th Cir. 1991) (en banc). If the claimant satisfies the first prong of the analysis, he is not required to produce medical evidence supporting his symptoms' alleged severity. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations omitted). Rather, the ALJ moves onto the second step and may discredit the claimant's subjective complaints only upon: (1) finding affirmative evidence of malingering or (2) providing clear and convincing reasons for discrediting the claimant. *Smolen*, 80 F.3d at 1281. "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting her testimony. To support this contention, plaintiff references evidence that points in favor of plaintiff's testimony. However, it is up to the ALJ to decide the issue where the evidence conflicts. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (reasoning that where the ALJ's interpretation is rational, the court must uphold the decision, even though there might be another rational interpretation more favorable to the plaintiff) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one

rational interpretation")); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing"). The reasons provided by the ALJ are clear and convincing and supported by the medical evidence on file.

First, the ALJ notes that "neither the severity nor the extent [of Plaintiff's pain limitations] is supported by the medical evidence of record." (A.R. 18.) The ALJ appropriately considered this factor in his decision. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) (reasoning that the conflicts between the subjective complaints and objective medical evidence on the record constituted specific and substantial reasons to doubt the claimant's credibility).

Indeed, none of the clinical and diagnostic findings supports the more restrictive functional limitations claimed by plaintiff, except for the opinion of the claimant's treating physician, Dr. Dickey. (A.R. 15-18.) The ALJ gave little weight to Dr. Dickey's opinion because it was based on the claimant's own subjective pain testimony. *Id.* Notably, plaintiff did not object to the ALJ's findings regarding the medical opinions of record. *Id.* Even if plaintiff had objected, the ALJ provided sufficient reasons to reject the opinion of the treating physician—which is inconsistent with his own treatment records and with the medical evidence of record—and to adopt the opinions of the examining and consulting physicians. *Id.* Thus, it was proper for the ALJ to find that plaintiff was not credible because the medical evidence on file as a whole does not reflect the limitations that she reports.

Second, the ALJ notes that the "claimant has mainly received conservative care," failing to seek treatment from any specialists, and that she "refused her doctor's advice to take multiple medications," yet her condition not only remained stable, but well

controlled. (A.R. 15-18.) The Ninth Circuit has repeatedly held that Plaintiff's course of treatment is relevant to the ALJ's credibility determination; thus, it was valid for the ALJ to rely on this reasoning to reject the plaintiff's pain testimony. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated . . . ."); *Tommasetti v.Astrue,* 533 F.3d 1035, 1039-40 (9th Cir. 2008) (reasoning that because plaintiff "responded favorably" to treatment, the ALJ could find that claimant's subjective complaints about the disabling nature of his pain were not supported by the record); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"), *citing Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (reasoning that "conservative treatment" "suggest[ed] a lower level of both pain and functional limitation").

      Finally, the ALJ notes that "the claimant's reported activities of daily living reveal a person capable of performing some level of substantial gainful activities." (A.R. 18). Although the plaintiff reported more restrictions than accepted by the ALJ, the ALJ did not credit those reports because plaintiff's own testimony about her daily activities contradicted her pain testimony, suggesting that plaintiff's limitations were not as severe as she claimed. *Id.* It is appropriate for the ALJ to consider these inconsistencies in reaching his decision. *See e.g. Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (reasoning that ALJ properly considered activities with skills that could be transferred to the workplace); *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly recognized daily activities that suggested "that [the claimant's] later claims about the severity of his limitations were exaggerated"); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some

difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citing *Valentine*, 574 F.3d at 693).

These three reasons are all sufficient to support the ALJ's determination. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("If the ALJ's finding is supported by substantial evidence, the court 'may not engage in second-guessing.'"); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## V. CONCLUSION

For the foregoing reasons, the judgment of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: April 23, 2018

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge